UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYRON SMITH,<br><br>                    Plaintiff,<br><br>    - against -<br><br>FILM AND DIGITAL TIMES, INC.<br><br>                    Defendant. | Docket No. 1:19-cv-4649<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Byron Smith ("Smith" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Film and Digital Times, Inc. ("Film" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of pigeons at the Brooklyn Navy Yard, owned and registered by Smith, a New York based professional photographer. Accordingly, Smith seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York and is registered with the New York Department of State Division of Corporations.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Smith is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 151 Kent Ave, Loft 113, Brooklyn, New York 11249.

6.     Upon information and belief, Film is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 500 East 83rd Street, New York, New York 10028. Upon information and belief, Film is registered with the New York State Department of Corporations to do business in New York. At all times material hereto, Film has owned and operated a website at the URL: www.FDtimes.com (the "Website").

## STATEMENT OF FACTS

A.     **Background and Plaintiff's Ownership of the Photograph**

7.     Smith photographed pigeons at the Brooklyn Navy Yard (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     Smith is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9.     The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-130-318.

B.     **Defendant's Infringing Activities**

10. Film ran an article on the Website entitled *Lighting with Pigeons*. See: https://www.fdtimes.com/2016/05/10/lighting-with-pigeons/nytimes-photo-by-byron-smith/. A true and correct copy of the photograph on the Website and a screenshot of the Photograph on the Website are attached hereto as Exhibit B.

11. Film did not license the Photograph from Plaintiff for its article, nor did Film have Plaintiff's permission or consent to publish the Photograph on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Film infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Film is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Film have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Film be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded punitive damages for copyright infringements;

5. That Plaintiff be awarded attorney's fees and costs;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
May 21, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Byron Smith*